IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISOPHER ELDON LIMBAUGH,

                 Petitioner,

    v.

ISRAEL JACQUEZ,

                 Respondent.

Case No. 3:23-cv-00187-MO

OPINION AND ORDER

      Christopher Eldon Limbaugh
      66326-509
      FCI Sheridan Camp
      P.O. Box 6000
      Sheridan, OR 97378

           Petitioner, *Pro Se*

      Natalie Wight
      United States Attorney
      Joshua Keller, Assistant United States Attorney
      1000 SW Third Avenue, Suite 600
      Portland, OR 97204-2902

           Attorneys for Respondent

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the accuracy of his records as maintained by the Bureau of Prisons ("BOP"). For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed for lack of subject matter jurisdiction.

## **BACKGROUND**

Petitioner is incarcerated at FCI-Sheridan serving a 120-month sentence for distribution and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841. Petitioner claims that when the BOP provided him with his Initial Needs Sheet, it erroneously reflected a pending charge from Niobrara County, Wyoming. He claims that although that charge is no longer pending, the BOP refuses to correct the error in his paperwork. He further maintains that the presence of the pending charge on his Initial Needs Sheet is: (1) preventing him from earning time credits under the First Step Act ("FSA"); (2) likely to delay his entry into a Residential Reentry Center ("RRC"); and (3) preventing him from starting the Residential Drug Abuse Treatment Program ("RDAP") which might ultimately lead to a reduction in his sentence. Respondent contends that habeas corpus relief is not available because the Court lacks jurisdiction over the subject matter, and because Petitioner failed to exhaust his administrative remedies.

## **DISCUSSION**

Habeas corpus jurisdiction is limited to situations where a prisoner's successful challenge would automatically lead to his speedier release from custody. *Pinson*, 69 F.4th 1059, 1072 (9th Cir. 2023). If it is only possible that success on a claim could lead to a prisoner's earlier release

from custody, then federal habeas corpus jurisdiction is not present. *Skinner v. Switzer*, 562 U.S. 521, 534 (2011).

The FSA, which Congress enacted on December 21, 2018, incentivizes Adults in Custody ("AICs") to complete evidence-based recidivism reduction programs in exchange for awards, including earned time credits that they can utilize to accelerate their release from prison. AICs, like Petitioner, who are designated as either minimum or low risk of recidivism are eligible to earn up to 365 days of time credits toward their early release if they complete sufficient programming. 18 U.S.C. § 3624(g); 18 U.S.C. §§ 3632(d)(4)(A), 3632(d)(5). Once a prisoner achieves the 365-day statutory time credit maximum, any additional credits he earns will accrue to the time he may be permitted to spend in an RRC. 18 U.S.C. § 3624(g).

In this case, Petitioner is currently earning FSA time credits towards his early release despite the existence of the Wyoming charge on his Initial Needs Sheet. Declaration of Danielle Rogowski, ¶ 5. Consequently, the pending charge from Wyoming on his Inmate Needs Sheet is not adversely impacting the duration of his confinement. Although Petitioner expresses his concern that the pending charge from Wyoming could delay or even bar his transfer from prison to an RRC as he nears the ends of his sentence, any such transfer to an RRC would still be part of his original sentence. In this respect, whether or not the BOP transfers him to an RRC as he nears the end of his custodial sentence, the duration of his confinement will be unaffected.[1]

Petitioner also claims that the pending charge on his Inmate Needs Sheet is precluding him from enrolling in RDAP which, upon successful completion, carries with it a discretionary

---

[1] Whether the BOP makes such a transfer is also not subject to judicial review. *See* 18 U.S.C. § 3621(b) (federal courts have no jurisdiction to review BOP decisions on an AIC's place of imprisonment).

early release benefit of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). However, Petitioner's early release stemming from RDAP is contingent upon his successful completion of the program. Even if he successfully completes the program, the award of the early release benefit by the BOP is discretionary in nature. *See Lopez v. Davis,* 531 U.S. 230, 239-40 (2001). Due to the existence of these two contingencies, if Petitioner were to succeed on his claim and be immediately enrolled in RDAP, his enrollment in the program would not necessarily result in his speedier release from custody. For all of these reasons, the Court lacks jurisdiction over the subject matter.

Even if Petitioner's case did not suffer from this jurisdictional defect, the Court would refrain from adjudicating the merits of his claims. It was incumbent upon Petitioner to exhaust his administrative remedies prior to filing this suit, *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam), but he did not attempt to file administrative appeals at any level. Rogowski Declaration (#13) ¶ 8. Although he claims that officials at his prison frequently bring the administrative appeal process to an indefinite halt by failing to respond to local appeals, 28 C.F.R. § 542.18 instructs AICs to presume silence as a denial if a local appeal remains unanswered after 20 days. Consequently, any local appeal that is met with only silence would still allow Petitioner to appeal his issues to the BOP's Regional Office and, if unsuccessful at the regional level, to appeal again to the BOP's Central Office. *See* 28 C.F.R. §§ 542.13-542.15. Petitioner has not attempted to avail himself of these administrative remedies. Accordingly, even if habeas jurisdiction were present, merits review would not be appropriate. *See Laing v. Ashcroft,* 370 F.3d 994, 1000 (9th Cir. 2004) (courts should not encourage the bypass of the BOP's administrative remedy system).

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed.

IT IS SO ORDERED.


_8/30/2023_                      _Michael W. Mosman_
DATE                                Michael W. Mosman
                                    United States District Judge


5 - OPINION AND ORDER